# Drewry *v.* Leinkauff & Strauss.

*Motion against Sheriff for Application of Money.*

1. *Levy of attachment by constable.*—When an attachment is issued by a justice of the peace, returnable to the Circuit Court, he may, "by

indorsement on the process, direct it to be executed by the constable of the precinct" (Code, § 2956) ; but this *indorsement* is not required to be in any particular form, nor to be written on the back of the writ, and it is sufficient if the writ is directed "to any sheriff or the constable of beat No. 3."

APPEAL from the Circuit Court of Henry.

Tried before the Hon. JESSE M. CARMICHAEL.

This was a motion by Leinkauff & Strauss, plaintiffs in attachment against O. W. Pearce, for instructions to the sheriff to pay over to them certain moneys in hands, the proceeds of sale of the property on which the attachment had been levied. The motion was resisted by J. W. Drewry, who had an attachment against said Pearce levied on the goods on the same day, but before the levy of Leinkauff & Strauss. Drewry's attachment was issued by a justice of the peace, returnable to the Circuit Court; was directed to "any sheriff, or the constable of beat No. 3, of the State of Alabama ;" and it was levied by the constable of said beat No. 3. The facts being undisputed, the court directed the money to be paid to Leinkauff & Strauss, holding that the levy of Drewry's attachment by the constable was unauthorized and void. Drewry excepted to this ruling, and he here assigns it as error.   .

G. L. COMER, for appellant.

O. C. DOSTER, and J. W. FOSTER, *contra.*

McCLELLAN, J.—The Code of 1876 (section 3279) provided, that a constable might, by the direction of a justice issuing an attachment returnable to the Circuit Court, execute the writ, when the amount involved was not in excess of the constable's bond, upon an affidavit of necessity therefor being made by or on behalf of the plaintiff. This section was amended by the act of January 22d, 1885 (Acts 1884–5, p. 95), so as to authorize the justice to have such attachment levied by a constable without the affidavit of necessity. In the codification of 1886 this statute was again changed, so as . to provide that in such case the justice "may, by indorsement on the process, direct it to be executed by the constable of the precinct, who shall return the same to the court in which it is returnable."—Code, § 2956. It seems clear that the only purpose of this last amendment was to afford a more certain and definite method of proof of the fact, essential to the constable's authority, that the justice had directed the levy to be made by the constable. We take it that no set phrase or form of words, no particular expression of the direction, to the

[Odum v. Rutledge & Julian Railroad Company.]

exclusion of all others, is essential to constitute the statutory indorsement, Any writing signed by the justice, we apprehend, which clearly indicates the intent of the justice to have the writ executed by the constable, and evidences that he so directs, will fill the statutory requirement. Nor do we conceive it to be material on what particular part of the paper the written direction is inscribed. Like indorsements of bills and notes, it may as well be on the face of the writ as upon the back of it. In either case, it is an "indorsement on the process."

The process issued at the suit of the appellant here is directed to "any sheriff of the State of Alabama, or to the constable of beat No. 3, Henry county," and commands the officers to whom it is directed to levy the same upon the property of the defendant in attachment. It is signed by the justice. Now, the only proper direction of the writ was "to any sheriff of the State of Alabama."—Code, § 2941. The addition to this direction of the words, "or constable of beat No. 3" of said county, was unauthorized so far as constituting a part of the address of the process, and in that connection may be considered as surplusage; but still these words are on the paper, they are signed by the justice, they import a command to the constable to levy the attachment, and they, in our opinion, applying to the statute the rule of liberal construction enjoined upon us by section 2998 of the Code, amount to the indorsement by the justice of the direction to the constable to execute the process, required by section 2956 of the Code.

It follows that, in our view of the law, the levy of appellant's attachment was a valid levy, and that the Circuit Court erred in directing the sheriff to pay over the proceeds of the property levied upon to the plaintiff in a junior attachment, on the theory of its invalidity.

Reversed and remanded.